# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED WINTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-441-JHP |
| | ) |
| MUSKOGEE COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, and | ) |
| CHARLES PEARSON, in his official | ) |
| Capacity, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff Fred Winters brought suit against the Defendants, Muskogee County Board of County Commissioners, and Charles Pearson, in his official capacity as Sheriff of Muskogee County, Oklahoma, under the Fair Labor Standards Act ("FLSA"), 29 U.S. §§ 201-219, for terminating his employment as a deputy sheriff. The Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) urging dismissal of the case under the doctrines of *res judicata* and/or collateral estoppel. The Court referred the motion for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), and the undersigned recommends denial of the Defendants' Amended Motion to Dismiss [Docket No. 35].

### A. Factual Summary

In September 2010, Plaintiff sued Defendants in the District Court of Muskogee County, Case No. CJ-2010-551, alleging wrongful discharge pursuant to *Burk v. K-Mart Corp.*, 1929 OK 22, 770 P.2d 24. The Plaintiff dismissed Pearson, but the County filed a

motion for summary judgment, arguing, *inter alia*, that the Plaintiff's "*Burk* tort" claim was precluded by the availability of an adequate federal remedy under the FLSA. *See, e. g., Shepard v. CompSource Oklahoma,* 2009 OK 25, ¶ 12, 209 P.3d 288, 293 ("Where a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, an employee has an adequate remedy that precludes resort to a tort cause of action to redress a termination in violation of the public policy."), *citing McCrady v. Oklahoma Dept. of Public Safety,* 2005 OK 67, ¶ 9, 122 P.3d 473, 475. The district court granted summary judgment without elaboration, noting that "[t]he Court, being fully advised in the premises, having heard oral argument from counsel, and based upon the reasons as more fully set forth in Defendant's Motion for Summary Judgment, finds that Defendant's Motion for Summary Judgment should be and is hereby granted in its entirety." Docket No. 35, Ex. 1, at p. 5. The Plaintiff appealed on November 17, 2011, and the Oklahoma Court of Civil Appeals reversed, holding as follows:

> The County's proposition that Winters had an adequate federal remedy pursuant to the [FLSA] to protect the public policy interest of the Oklahoma Protection of Labor Act is untenable. The County suggests the FLSA 'is the only applicable law that sets overtime requirements for the Muskogee County Sheriff's Department.' . . . Because the Sheriff admitted Winters was entitled to receive compensation for driving the new police car to Tulsa, the FLSA is not implicated under these facts. As such, Winters has no remedies available under the FLSA.

Docket No. 35, Ex. 3, at p. 11. The case is still pending on remand in the District Court of Muskogee County, but in the meantime the Plaintiff filed suit under the FLSA in this Court on December 12, 2011.

B. Analysis

The Defendants argue that the Plaintiff's FLSA claim in this Court is barred by *res judicata* or collateral estoppel because of the decision of the Court of Civil Appeals in the state court case, *i. e.*, that the Plaintiff has no FLSA claim on the underlying facts. The Plaintiff responds that *res judicata* and collateral estoppel do not apply because there is as yet no final judgment in the state court case. The Defendants reply that the Court of Civil Appeals' decision *is final* because it constitutes the law of the case, *i. e.*, that the issue may not be revisited in the state court case.[1]

"Under *res judicata*, a final judgment *on the merits* of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided *an issue of fact or law* necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Veiser v. Armstrong*, 1984 OK 61 ¶ 8 n. 9, 688 P.2d 796, 800 n.9 (1984). As with *res judicata*, collateral estoppel applies only where there has been a final judgment on the merits. *See, e. g., Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) ("[A]pplication of collateral estoppel

---

[1] The undersigned Magistrate Judge notes that judicial notice of the state court proceedings can be taken without converting the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment under Fed. R. Civ. P. 56. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.,* 605 F.2d 1160, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). *See also Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) ("Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence. However, facts subject to judicial notice may be considered in a [FRCP] 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.").

requires [that] the prior action has been finally adjudicated on the merits[.]"). There has been no final judgment in the state court case; although the district court granted summary judgment in favor of the County, the appellate court reversed and remanded with the instructions that "A finder of fact must determine whether Winters was terminated in retaliation for his complaint of denial of overtime wages and/or his threat to contact the Oklahoma Department of Labor." Docket No. 35, Ex. 3. The record in the state court reflects that this has not occurred; indeed, it is undisputed that the state court case is still pending. The Defendants argue, however that the decision of the appellate court *is final* for these purposes because it is the "settled law of the case" and may not be revisited in the state court proceedings.

The settled "law of the case" is "[t]he doctrine holding that a decision rendered in a former appeal of a case is binding in a later appeal." BLACK'S LAW DICTIONARY p. 966 (9th Ed. 2009). The doctrine of the settled law of the case is distinct, however, from the doctrines of *res judicata* or collateral estoppel, in that it only applies to the particular case in which it is applied. *See, e. g., Panama Processes, S.A. v. Cities Service Co.*, 1990 OK 66 ¶ 11 n. 27, 796 P.2d 276, 293 n. 27 ("The 'settled-law-of-the-case' doctrine operates to bar relitigation of issues that have been settled by an earlier appellate opinion *in that case*.") [emphasis added], *citing Mobbs v. City of Lehigh*, 1982 OK 149 ¶ 6 n. 5, 655 P.2d 547, 549 n. 5, *citing In re Monaghan's Estate*, 227 P.2d 227, 336 (Ariz. 1951) ("[Y]et it is well settled that a judgment of an appellate court in a case becomes the law of *that particular case*, and is not subject to review thereafter on second appeal.") [emphasis added]. Thus, while it is true that the decision of the Court of Civil Appeals is the settled

law of the case with regard to the state court proceedings, that decision has no preclusive effect on the proceedings in this Court until such time as there is a final decision on the merits in the state court case.

After the Defendants' motion was fully briefed, the Court directed the parties to address whether the common law prohibition against "splitting a cause of action" bars the Plaintiff's FLSA claim herein. The Defendants argue that it does; the Plaintiff, on the other hand, contends the proper analysis regarding parallel state and federal proceedings is provided by the decision in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976):

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . . . As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.

424 U.S. at 817 [quotation omitted].[2] In applying the *Colorado River* doctrine, the Court "must first determine whether the state and federal proceedings are parallel." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* at 1081. "In determining whether state and federal proceedings are parallel, the Tenth Circuit has instructed courts to examine the state proceedings as they actually exist to determine

---

[2] The Defendants urge the Court to dismiss under Fed. R. Civ. P. 12(b)(6), but under the *Colorado River* doctrine 'the better practice is to stay the federal action pending the outcome of the state proceedings." *Fox*, 16 F.3d at 1083.

whether they are parallel to the federal proceedings, as opposed to examining how the state proceedings could have been brought in theory." *International Asset Management, Inc. v. Holt*, 487 F. Supp. 2d 1274, 1283 (N.D. Okla. 2007), *citing Fox*, 16 F.3d at 1081. The Plaintiff contends that although the claims in the two cases arise out of the same facts, the proceedings *are not* parallel because they involve somewhat different issues and remedies, *i. e.*, the *Burk* tort claim under state law is not equivalent to a federal claim under the FLSA. *See, e. g., Fox*, 16 F.3d at 1981 ("We, however, believe that the better approach is to examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings.") [emphasis in original]. This contention is consistent with the conclusion of the Court of Civil Appeals that the Plaintiff *does* have an actionable *Burk* tort claim but no FLSA claim. *See* Docket No. 35, Ex. 3, at p. 11. On the other hand, both cases raise claims for retaliatory discharge, and the Oklahoma courts *have addressed* the potential merits of an FLSA claim because the Defendants raised this as an affirmative defense. On balance, the undersigned Magistrate Judge is satisfied that the cases are sufficiently parallel for purposes of the *Colorado River* doctrine. *See, e. g., Foxfield Villa Associates, LLC v. Regnier*, 2013 WL 183749, at *3 (D. Kan. Jan. 17, 2013) ("The substantial overlap of parties and issues in both the state and federal case indicates that the two actions are parallel and the threshold test has been met.").

"[D]eclining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in exceptional circumstances." *Fox*, 16 F.3d at 1081. Factors to consider in determining whether exceptional circumstances exist include the following: :

> (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction[; as well as (5)] the vexatious or reactive nature of either the federal or the state action[; (6)] whether federal law provides the rule of decision[; (7)] the adequacy of the state court action to protect the federal plaintiff's rights[; and (8)] whether the party opposing abstention has engaged in impermissible forum-shopping.

*Fox*, 16 F.3d at 1082, *citing Colorado River*, 424 U.S. at 818. Application of the doctrine does not, however, "rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction[,]" *Moses. H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983), and "any doubt should be resolved in favor of exercising federal jurisdiction." *Fox*, 16 F.3d at 1082, *citing Colorado River*, 424 U.S. at 819 *and Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

The first two factors enunciated by *Fox* are inapplicable to this case; neither court assumed jurisdiction over any property, and neither party argues this federal forum is any more inconvenient than the District Court of Muskogee County.

The third, fourth, and fifth factors are essentially neutral. The underlying facts are identical and the legal issues similar, which poses some risk of piecemeal litigation, *see, e. g., Foxfield Villa*, 2013 WL 183749, at * 5 ("Duplication of proceedings would waste the resources of both the parties and the court."), but the Plaintiff indicates he has deferred movement in state court in hopes of amending to add his *Burk* tort claim to this action and thereupon dismissing the state court case, which would clearly obviate any such risk. The Plaintiff brought suit in state court over a year before filing here, but does

not appear to be substantially closer to completing that case than this one. *See, e. g., Moses H. Cone*, 461 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). Finally, although the Plaintiff's decision to file suit here does appear to be reactive, it does not appear to be vexatious; the Plaintiff apparently brought this action in response to the decision by the Court of Civil Appeals and in order to preserve his ability to maintain an FLSA claim he was in danger of losing despite never having asserted it. *See, e. g., International Asset Management v. Holt*, 487 F. Supp. 2d 1274, 1285-1286 (N.D. Okla. 2007) ("In this case, both the federal and state actions were, to some extent, reactive. . . . Both parties have sought to vindicate their rights in their chosen forum and have engaged in various tactical maneuvers to do so, but the Court does not find 'vexatious' behavior by either party."); *Foxfield Villa*, 2013 WL 183749, at *10 ("The court acknowledges that the circumstances surrounding plaintiffs' decision are unclear and possibly questionable; nonetheless there is no substantive evidence before the court that plaintiffs' decision was made for vexatious purposes.").

The sixth and seventh factors weigh in favor of exercising jurisdiction in this case. The Plaintiff's FLSA claim is grounded in federal law. *Moses H. Cone*, 460 U.S. at 26 ("Although in some rare circumstances the presence of state-law issues may weight in favor of that surrender, the presence of federal law issues must always be a major consideration weighing against surrender."). And although a judgment in the state court case would preclude any claim in this case, which suggests adequacy of the state court proceedings, *see id.* at 28 ("[T]he decision to invoke *Colorado River* necessarily

-8-

contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."); *Foxfield Villa*, 2013 WL 183749, at *7 ("[A] stay is only appropriate under the *Colorado River* doctrine if the court has 'full confidence' that the state court litigation will dispose of the dispute in its entirety."), the 'law of the case" effect of the decision of the Court of Civil Appeals would prevent the Plaintiff from alternatively asserting any claim under the FLSA even if the underlying facts of the case would justify it (which the Plaintiff could do in this case and has indicated he intends to do), which demonstrates the inadequacy of the state court case to protect the Plaintiff's federal rights. The eighth factor weighs against exercising jurisdiction in this case, as "forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules," but "this factor alone is [not] dispositive." *Travelers Indemnity Co.*, 914 F.2d at 1371.

In sum, the question whether to decline jurisdiction over this case under *Colorado River* would seem to be a fairly close call. The Plaintiff brought a *Burk* tort claim in state court (which implies the unavailability of an FLSA claim) and succeeded in maintaining the claim on appeal. The Defendants contend that the Plaintiff should now be precluded from asserting an FLSA claim in general and in maintaining a separate federal action under the FLSA in particular. The Plaintiff, on the other hand, contends that he should be allowed to pursue both claims (presumably in the alternative) if the facts justify it and can do so only in this Court. Given that "any doubt should be resolved in favor of exercising federal jurisdiction[,]" *Fox*, 16 F.3d at 1082, *citing Colorado River*, 424 U.S. at 819 *and*

*Travelers Indemnity Co.*, 914 F.2d at 1369, the undersigned Magistrate Judge concludes that declining jurisdiction under *Colorado River* would be inappropriate and that the Defendants' motion to dismiss should therefore be denied.

### C. Conclusion

In summary, the undersigned Magistrate Judge PROPOSES the findings set forth above and accordingly RECOMMENDS that Defendants' Amended Motion to Dismiss [Docket No. 35] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

IT IS SO ORDERED this 12th day of August, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma